# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FROST, | Case No. 1:20-cv-00410-SAB |
| Plaintiff, | ORDER GRANTING COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 21) |
| Defendant. | |

## I.

## INTRODUCTION

Jonathan O. Peña ("Counsel"), attorney for Michael Frost ("Plaintiff"), filed the instant motion for attorney fees on July 20, 2022.  (Mot. Att'y Fees ("Mot."), ECF No. 21.)  Counsel requests fees in the gross amount of $32,590.28 pursuant to 42 U.S.C. § 406(b), with an offset of $5,589.28 for fees previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  Plaintiff was served with the motion and advised that any opposition to the motion was to be filed within fourteen days.  (ECF No. 21 at 1, 9.)  Plaintiff did not file an opposition to the request.  On July 20, 2022, the Commissioner of Social Security ("Defendant"), filed a statement of non-opposition.  (ECF No. 22.)  For the reasons discussed herein, Petitioner's unopposed motion for attorney fees shall be granted.

/ / /

## II.

## BACKGROUND

On March 19, 2020, Plaintiff filed this action challenging the denial of social security benefits.  (ECF No. 1.)  On February 17, 2021, Plaintiff filed an opening brief.  (ECF No. 16.)  On March 10, 2021, pursuant to the parties' stipulation, this action was closed and remanded for further consideration.  (ECF Nos. 17, 18.)  Judgment was entered in favor of Plaintiff.  (ECF No. 18.)  On May 7, 2021, the Court entered a stipulation under the EAJA in the amount of $5,589.28.  (ECF No. 19.)

Following remand, an administrative hearing was held and the presiding Administrative Law Judge ("ALJ") issued a favorable decision awarding benefits to Plaintiff.   (Mot. 3.) Plaintiff's counsel received the Notice of Award dated July 17, 2022, that confirms that $32,590.28 was withheld as 25% of the past due benefits, which total $130,361.12.  (Id.; Ex. A, ECF No. 21-1 at 1.)[1]

## III.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The payment of such award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting

---

[1]  Plaintiff's counsel did not label the exhibits, however the Court is able to locate them through the ECF numbering.

1   Gisbrecht, 535 U.S. at 793).   The twenty-five percent maximum fee is not an automatic

2   entitlement, and courts are required to ensure that the requested fee is reasonable.   Gisbrecht, 535

3   U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory

4   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

5   agreements").   Agreements seeking fees in excess of twenty-five percent of the past-due benefits

6   awarded are not enforceable.   Gisbrecht, 535 U.S. at 807.   The attorney has the burden of

7   demonstrating that the fees requested are reasonable.   Gisbrecht, 535 U.S. at 807 n.17; Crawford,

8   586 F.3d at 1148.

9       While the Supreme Court in Gisbrecht did not expressly "provide a definitive list of

10   factors that should be considered in determining whether a fee is reasonable or how those factors

11   should be weighed, the Court directed the lower courts to consider the 'character of the

12   representation and the results the representative achieved.' "   Crawford, 586 F.3d at 1151

13   (quoting Gisbrecht, 535 U.S. at 808).   The Ninth Circuit has stated a court may weigh the

14   following factors under Gisbrecht in determining whether the fee was reasonable: (1) the

15   standard of performance of the attorney in representing the claimant; (2) whether the attorney

16   exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of

17   past-due benefits; and (3) whether the requested fees are excessively large in relation to the

18   benefits achieved when taking into consideration the risk assumed in these cases.   Crawford, 586

19   F.3d at 1151-52.

20       Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted

21   under the EAJA.   Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d

22   1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who

23   receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for

24   the 'same work' to refund to the Social Security claimant the smaller award.").

25                                                 **IV.**

26                                          **DISCUSSION**

27       The Court has conducted an independent check to insure the reasonableness of the

28   requested fees in relation to this action.   Gisbrecht, 535 U.S. at 807.   Here, the fee agreement

1   between Plaintiff and Counsel provides that: "I agree that my attorney shall charge and receive
2   as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded
3   to my family and me in the event my case is won."  (ECF No. 21-2 at 1.)  Plaintiff has been
4   awarded retroactive benefits in the amount of $130,361.12.  (ECF No. 21-1 at 1.)

5        Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of
6   the fee Counsel seeks.  There is no indication that a reduction of fees is warranted for
7   substandard performance.  Counsel is an experienced, competent attorney who secured a
8   successful result for Plaintiff.  There is no indication that Counsel was responsible for any delay
9   in the court proceedings, with no extensions of time requested for briefing by Plaintiff's counsel.

10        Plaintiff agreed to a twenty-five percent (25%) fee at the outset of the representation, and
11   in reflecting the standard withholding by the Agency, the Court finds the fee is not excessively
12   large in relation to the retroactive award of $130,361.12.  In making this determination, the Court
13   recognizes the contingent nature of this case and the risk that counsel took of going
14   uncompensated.  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

15        In support of the motion, Counsel submitted a log of the time spent in prosecuting this
16   action.  (ECF No. 21-3 at 1.)  The log demonstrates that Counsel spent 26.90 hours on this
17   action.  Therefore, Counsel is seeking $32,590.28 for 26.90 hours of attorney time.  When
18   considering the total amount requested, the fee request translates to approximately $1,211.53 per
19   hour for the services provided in this action.

20        In Crawford the Ninth Circuit found that fees of $519, $875, and $902 per hour, for time
21   of both attorneys and paralegals, was not excessive.  Crawford, 486 F.3d at 1153 (Clifton, J.,
22   concurring in part).  Further, since Gisbrecht, courts note that reducing a fee request should not
23   be routinely done and find fee awards of an effective hourly rate much higher than this to be
24   reasonable.  Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal.
25   Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per
26   hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21,
27   2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin,
28   No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought

translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.").

The Court finds that the requested fees are reasonable when compared to the amount of work Counsel performed, and the representation of the claimant resulted in the action being remanded for further proceedings and ultimately, substantial benefits were awarded.

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA.  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  In this instance, Petitioner has previously been awarded $5,589.28 in EAJA fees and the award of fees under Section 406(b) shall be offset in that amount.

## V.

### CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Counsel pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1.   Counsel's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $32,590.28 (ECF No. 21) is GRANTED;

2.   The Court authorizes payment to Counsel Jonathan O. Peña in the amount of $32,590.28 representing attorney fees being withheld from Plaintiff's past due disability benefits; and

3.   Upon receipt of this sum, Counsel shall remit $5,589.28 directly to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412.

IT IS SO ORDERED.

Dated:   **September 22, 2022**

UNITED STATES MAGISTRATE JUDGE

5